IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| STEVEN HORRIGAN,<br>      Plaintiff,<br><br>vs.<br><br>KYLE HOWE, individually and in his official capacity as a law enforcement officer for the Toledo Police Department; and CITY OF TOLEDO, IOWA.<br>      Defendants. | Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

**COMES NOW,** the Plaintiff, Steven Horrigan, by and through his undersigned counsel, and for his causes of action, state as follows:

## PARTIES

1. Steven Horrigan (hereinafter "Steven" or "Horrigan") is a United States citizen and was a resident of Chelsea, Tama County, Iowa at all times relevant to the events complained of herein.

2. Defendant Officer Kyle Howe (hereinafter "Officer Howe") is believed to be a citizen and resident of Iowa and was employed as a Police Officer for the Toledo Police Department at all times relevant to the events complained of herein.

3. Defendant City of Toledo, Iowa (hereinafter "Toledo") is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 1007 S Prospect Drive, Toledo, Tama County, Iowa. Defendant City is

responsible for maintaining and operating the Toledo Police Department.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

5. The supplemental jurisdiction of this Court to hear and decide the pendent claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

6. All events and actions referenced in Complaint occurred in the Northern District of Iowa, therefore venue is proper under 28 U.S.C§ 1391(b)(2).

## FACTUAL BACKGROUND

7. On or about Tuesday, March 21, 2023, at approximately 2200 hours, a Steven Horrigan was pulled over by Officer Kyle Howe in Tama County, Iowa.

8. Horrigan was pulled over and cited for Improper Rear Lamps (Iowa Code § 321.387), Driving or Towing Unsafe Vehicle (Iowa Code § 321.381), and Fail to Yield to Emergency Vehicle (Iowa Code § 321.324).

9. These citations presented no safety issues to the arresting officer.

10. All charges against Mr. Horrigan were dismissed April 18, 2023. See Exhibit 1.

11. Mr. Horrigan was 72 years old and suffering from terminal Parkinson's Disease.

12. Mr. Horrigan's unfortunate disease causes shakiness and stiffness of

the muscles.

13. Mr. Horrigan is a 5'8" man of frail stature due to his disease and is terminally ill.

14. The first body camera video of Kyle Howe shows the initial interaction with Horrigan up to grabbing his arm. See Exhibit 2.

15. There is a four second gap between the end of the first body cam video and the second video. See Exhibit 3

16. The second video shows Mr. Horrigan already on the ground and does not show Kyle Howe pulling him out of the vehicle. See Exhibit 4.

17. Kyle Howe has a history of hiding his body camera footage when instances like this arise.

18. In this video you can see that Officer Howe has slammed this 72-year-old man to the ground and is on top of him.

19. Officer Howe is yelling, "Don't fucking fight me" while Mr. Horrigan, once again, a 72-year-old man, is saying calmly, "I'm not fighting you."

20. While Officer Howe is on top of Mr. Horrigan with his knee in Mr. Horrigan's back, Officer Howe can be heard screaming, "You didn't put your fucking hands behind your back, now put your fucking hands behind your back or you're gonna get tased."

21. Mr. Horrigan can be heard saying, "You're hurting me."

22. Mr. Horrigan's Parkinson's and his age did not allow him to put his hands behind his back while pinned to the ground with a large man's knee on his back.

23. In the video, one can clearly hear Mr. Horrigan whimpering and can be seen shaking due to his disease.

24. Officer Howe then further berates Mr. Horrigan telling Mr. Horrigan to not "fucking resist."

25. It seems that Officer Howe was incensed that Mr. Horrigan did not want to pull over on a viaduct and instead pulled over once over the viaduct. Mr. Horrigan's actions were legal under Iowa law.

26. In the body camera video, and after Mr. Horrigan is in handcuffs, Officer Howe can be heard screaming, "Why didn't you put your hands behind your back?"

27. Mr. Horrigan responds, "I couldn't hear you." Undersigned would like to reiterate that Mr. Horrigan is a 72-year-old man, that, not only suffers from terminal Parkinson's, but is also hard of hearing.

28. Mr. Horrigan is then stuffed into the back of a police car, handcuffed, and told by Officer Howe, "You're 72-years-old, you should know better."

29. After Officer Howe attempts to put Mr. Horrigan in the back seat of the police car, and, realizing Mr. Horrigan cannot sit with his hands behind his

back, Officer Howe pulls Mr. Horrigan back out of the police car and says, "Are you going to continue to do ridiculous shit?" To which Mr. Horrigan whimpers, "No." Officer Howe then switches Mr. Horrigan's handcuffs to the front of Mr. Horrigan.

30. Officer Howe continues to ask Mr. Horrigan why he was fighting Officer Howe seemingly to continue his false narrative of what happened and to justify his use of force against Mr. Horrigan.

31. Officer Howe then tells Mr. Horrigan that he is being "cited into court for interference." These charges were also dismissed in Tama County, Iowa, case number SMSM014230.

32. Officer Howe's actions were reprehensible, especially when taken in this context of a 72-year-old man suffering from terminal Parkinson's Disease being slammed to the ground.

33. Steven Horrigan never resisted or interfered in any way with Officer Howe's stop.

34. Officer Howe resigned on April 25, 2023, after being investigated for use of excessive force and lying on government documents.

35. Because of Officer Howe's actions, Mr. Horrigan endured physical pain and mental and emotional distress, from which he continues to suffer.

# CAUSES OF ACTION

## COUNT I
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
## VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE
## UNITED STATES CONSTITUTION
### *Right to be Free from Excessive Force*
### (against all defendants)

36. Plaintiff repleads paragraphs 1 through 37 as if fully set forth herein.

37. Defendant Kyle Howe is a person for the purposes of a Section 1983 action for damages.

38. At all times material hereto, Officer Howe's actions and/or omissions were made under the color of authority and law as an officer for the Toledo Police Department.

39. On or about March 12, 2023, Officer Howe violated Plaintiff's clearly established constitutional rights, to wit: by using excessive force in arresting Mr. Horrigan.

40. Officer Howe violated Horrigan's Fourth and/or Fourteenth Amendment Right under the United States Constitution to be free from excessive force.

41. The use of force Officer Howe employed while confronting Horrigan was excessive, unreasonable, and unnecessary under the circumstances.

42. Officer Howe demonstrated a deliberate indifference to and/or reckless

disregard of Horrigan's civil and constitutional rights by his use of force against him.

43. Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Horrigan's civil rights, justifying an award of punitive damages.

44. As a direct and proximate result of Officer Howe's illegal and unjustified conduct, Horrigan was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

    a. Deprivation of his constitutional rights;

    b. Humiliation, degradation, past and future emotional distress, and past and present loss of function of mind and body;

    c. Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

    d. Punitive damages;

    e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C.§1988.

**WHEREFORE,** the Plaintiff, Horrigan, prays for Judgment against the Defendants Officer Howe and the City of Toledo as follows:

    a. Compensation for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.  Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

c.  Punitive damages; and,

d.  Such relief as the Court deems just and equitable.

## COUNT II
## FALSE ARREST
### (against all defendants)

45. Plaintiff repleads paragraphs one 1 through 46 as if fully set forth herein.

46. On March 12, 2023, Horrigan was detained and restrained against his will.

47. Horrigan's detention and restraint was effectuated by Officer Howe.

48. The detention and restraint by Officer Howe were causes of Horrigan's damages, including incurring attorney fees and costs associated with defending against the criminal charge.

49. Officer Howe's detention and restraint of Horrigan was without probable cause as Horrigan was not a threat and complied with order.

50. Based upon the facts known to Officer Howe, no reasonable officer could believe probable cause existed to arrest Horrigan.

51. Officer Howe acted with malice in the detention and restraint of Horrigan.

52. Officer Howe's actions were willful, wanton, unlawful, and in gross

disregard of Horrigan's rights and reputation, justifying an award of punitive damages.

53. Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Horrigan respectfully requests judgment against Defendant Kyle Howe and city of Toledo in an amount which will fully and fairly compensate for his mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT III
## BATTERY
### (against all defendants)

54. Plaintiff repleads paragraphs 1 through 55 as if fully set forth herein.

55. Officer Howe slammed Horrigan's face to the ground causing bleeding and tazed him repeatedly causing pain.

56. The acts were done with the intent to cause physical pain or injury.

57. The acts of Officer Howe resulted in physical pain and injury, as well as insulting or offensive bodily contact.

58. The acts of Officer Howe was a cause of Horrigan's damages.

59. Officer Howe acted with malice toward Horrigan.

60. Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Horrigan's rights and reputation, justifying an award of punitive damages.

61. Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Horrigan, respectfully requests judgment against Defendants in an amount which will fully and fairly compensate Horrigan for his physical, mental, and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### COUNT IV
### ASSAULT
### (Against all defendants)

62. Plaintiff repleads paragraphs 1 through 63 as if fully set forth herein.

63. Officer Howe slammed Horrigan's face to the ground causing bleeding and tazed him repeatedly.

64. The acts were done with the intent to cause Horrigan to fear physical pain or injury.

65. Horrigan reasonably believe that the act causing physical pain or injury would be carried out immediately.

66. The acts of Horrigan's were a cause of Horrigan's damages.

67. Officer Howe acted with malice toward Horrigan.

68. Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Horrigan's rights and reputation, justifying an award of punitive damages.

69. Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendant's behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Horrigan, respectfully requests judgment against Defendants in an amount which will fully and fairly compensate Horrigan for his physical, mental, and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT V
## NEGLIGENT SUPERVISION AND TRAINING
### (City of Toledo)

70. Plaintiff repleads paragraphs 1 through 71 as if fully set forth herein.

71. Defendants City of Toledo were the employers and/or supervising Officer Howe.

72. As the employer, Defendant have a duty to exercise reasonable care in the hiring, retention and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

73. Defendants breached their duty in the negligent and reckless supervision and training of Officer Howe as it relates to his excessive force, initiating malicious prosecutions, abusing the legal process, and committing assault and/or battery in their roles as law a enforcement officer for the Toledo Police Department.

74. Defendants knew, or in the exercise of ordinary care should have known, of the incompetence, unfitness, and dangerous characteristics of Officer Howe.

75. The incompetence, unfitness, and dangerous characteristics of Officer Howe was a cause of damage to Plaintiff.

76. These Defendant's negligence was a proximate cause of Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, Horrigan respectfully requests judgment against Defendant City of Toledo, Iowa in an amount which will fully and fairly compensate him for his mental and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

<u>**COUNT VI**</u>
**RESPONDEAT SUPERIOR**
**(Against Defendant City of Toledo)**

77. Plaintiff repleads paragraphs 1 through 78 as if fully set forth herein.

78. At all times material hereto, an employer-employee relationship

existed between the City of Toledo, Iowa, as the employer, and Officer Howe as the employee.

79. At all times material hereto, Officer Howe was acting within the scope of his employment with City.

80. Under the doctrine of respondeat superior, City Toledo is liable for the aforementioned conduct and/or omissions of Officer Howe.

81. As a result of the conduct and/or omissions of Defendant, Plaintiff sustained damages and injuries as previously set forth in this Complaint.

**WHEREFORE**, the Plaintiff, Horrigan respectfully requests judgment against Defendant City of Toledo in an amount which will fully and fairly compensate for his mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT VII
**Violation of Substantive Due Process**
**(Against all defendants)**

82. Plaintiff repleads paragraphs 1 through 83 as if fully set forth herein.

83. Defendants' misconduct alleged above was outrageous and shocking to the conscience, in violation of Plaintiff's substantive due process right to personal security as guaranteed by the 14th Amendment of the United States Constitution.

84. Defendants intentionally and recklessly failed to investigate before filing criminal complaints against Plaintiff.

85. Defendants' misconduct directly and proximately caused Plaintiff to suffer injury, including shock, extreme emotional distress, and humiliation.

**WHEREFORE**, the Plaintiff, Horrigan, respectfully requests judgment against Defendants in an amount which will fully and fairly compensate him for mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT VIII
### Negligence
### (Against All Defendants)

86. Plaintiff repleads paragraphs 1 through 87 as if fully set forth herein.

87. Defendants' acts, omissions, and misconduct alleged in this Complaint constituted a breach of their duty Plaintiffs to avoid causing the harm alleged and avoid and prevent violation of Plaintiff's constitutional, statutory, and common law rights.

88. The breach was a substantial factor in causing the injuries and damages suffered by Plaintiff as alleged.

**WHEREFORE**, the Plaintiff, Horrigan respectfully requests judgment against Defendants in an amount which will fully and fairly compensate Horrigan

for his physical, mental, and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT IX
## ABUSE OF PROCESS
*(Against Officer Howe, individually and in his official capacity)*

89. Plaintiff repleads paragraph 1 through 90 as if fully set forth herein.

90. On or about March 12, 2023, Defendant, Officer Howe, intentionally used the criminal legal process against Mr. Horrigan by preparing and filing criminal complaint against Mr. Horrigan.

91. Officer Howe used the criminal legal process against Mr. Horrigan in an effort to avoid civil liability against him for having asserted his rights under the United States and Iowa Constitutions, and due to Officer Howe having used excessive force against him.

92. Officer Howe's use of the legal process for the improper purpose was a cause of Mr. Horrigan's damages including incurring attorney fees and costs associated with defending against the criminal charge.

93. Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Mr. Horrigan's rights and reputation, justifying an award of punitive damages.

94. Plaintiff hereby requests reasonable attorney fees and costs associated

with prosecuting this action as Defendant's behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE,** the Plaintiff, Mr. Horrigan, respectfully requests judgment against Defendant, Officer Howe, in an amount which will fully and fairly compensate Mr. Horrigan for his mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

BY: _/s/ **Chad R. Frese**_
Chad R. Frese AT0002704
KAPLAN & FRESE, LLP
111 East Church Street
Marshalltown, Iowa 50158
Phone: (641) 753-5549
Fax: (641) 753-0962
Email: chad@kaplanfrese.com
ATTORNEYS FOR DEFENDANT


By: _/s/ **Scott Hunter**_
Scott Hunter AT0003837
KAPLAN & FRESE, LLP
111 East Church Street
Marshalltown, Iowa 50158
Phone: (641) 753-5549

Fax: (641) 753-0962
Email: scott@kaplanfrese.com
ATTORNEYS FOR DEFENDANT